UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CreditNerds, LLC, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Case No. _____ |
| ) | |
| Credit Repair Nerds LLC, ) | |
|     Defendant. ) | |

## COMPLAINT

CreditNerds, LLC ("CreditNerds" or "Plaintiff"), through its attorneys, K&L Gates LLP, brings this action against Credit Repair Nerds LLC ("Defendant") to obtain permanent injunctive relief, disgorgement of Defendant's profits, actual damages, treble damages, attorneys' fees, and costs for Defendant's willful and deliberate infringement of Plaintiff's CreditNerds trademark.

## INTRODUCTION AND SUMMARY OF RELIEF REQUESTED

1. Plaintiff brings this action to enjoin Defendant's willful and deliberate infringement of Plaintiff's CreditNerds trademark through Defendant's operation of the Credit Repair Nerds website at <http://www.creditrepairnerds.com>, which trades upon Plaintiff's goodwill by offering credit repair services under a mark confusingly similar to Plaintiff's CreditNerds mark. Plaintiff has been and continues to be irreparably damaged through consumer confusion as a result of Defendant's actions and seeks injunctive and monetary relief.

## PARTIES

2. Plaintiff CreditNerds, LLC ("Plaintiff" or "CreditNerds"), is a limited liability company formed under the laws of the State of Arkansas, with its principal place of business located at 211 N. 23rd Street Ste. 6, Paragould, Arkansas 72450.

1

3. On information and belief, Defendant Credit Repair Nerds LLC is a limited liability company formed under the laws of the State of Texas, with its principal place of business located at 410 W. Grand Parkway South, Ste. 380, Katy, Texas 77494.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims because they arise under 15 U.S.C. §§ 1051 *et seq.* and 28 U.S.C. §§ 1331, 1338(b), as this is an action arising under the laws of the United States and relating to trademarks.

5. Defendant is subject to personal jurisdiction in this judicial district because it is using the infringing "Credit Repair Nerds" mark within this district, and, on information and belief, has made and established contacts to permit the Court's exercise of personal jurisdiction under IL 5/2-209. Specifically, Defendant directs commercial activity in Illinois via its website, <http://www.creditrepairnerds.com>. On information and belief, through at least this fully interactive commercial Internet website, Defendant has targeted and solicited sales from Illinois residents by operating its website which offers services in Illinois and, on information and belief, Defendant has sold its credit repair services to Illinois residents.

6. Venue for this action is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred, and continue to occur, in the Northern District of Illinois.

## FACTUAL BACKGROUND SUPPORTING CLAIMS FOR RELIEF

**Overview of CreditNerds' Credit Repair Marketplace and Services**

7. Since 2008, Plaintiff has operated a credit repair and restoration services business under the marks "CreditNerds" and "CreditNerds.com" (collectively, the "CreditNerds" mark).

As a result of its significant investments in the CreditNerds mark, Plaintiff has developed a nationwide customer base and considerable goodwill.

8. Plaintiff provides its credit repair and restoration services under the CreditNerds mark through its website at <www.creditnerds.com>. Screenshots of Plaintiff's website are attached as Exhibit A.

9. Plaintiff has provided its credit repair and restoration services under the CreditNerds mark to thousands of consumers across all 50 states, and Plaintiff has continuously provided those services since 2008.

10. Plaintiff advertises its services online through relationships with thousands of paid referral partners, and by providing live training events across the country. The company owner, Eric Counts, speaks at seminars and spends at least $20,000 to $30,000 and numerous hours on travel each year to put on events and deliver the CreditNerds brand nationwide.

11. In an industry where others often engage in dishonest and underhanded tactics to take advantage of unsuspecting consumers, Plaintiff prides itself on providing fair and honest services to help its customers tackle their credit issues. CreditNerds charges no upfront fees. Plaintiff has a standard pricing model based on services rendered and provides a timeline estimate regarding its services.

12. Plaintiff has a good reputation in the credit repair industry, having received high ratings from Best Company and an A+ Rating with the Better Business Bureau. Attached as Exhibit B are screenshots of the positive reviews.

**Defendant's Unlawful Actions Using the Credit Repair Nerds Mark**

13. In 2015, with full knowledge of Plaintiff's longstanding use of the CreditNerds mark, Defendant began offering credit repair and restoration services under the "Credit Repair Nerds" mark.

14. Defendant provides its services under the "Credit Repair Nerds" mark through a website at <www.creditrepairnerds.com> ("CRN Website"). Screenshots of this website are attached as Exhibit C.

15. Defendant's CRN Website is remarkably similar in look and feel to Plaintiff's website. In fact, Defendant purposely styled its website after Plaintiff's website. Attached as Exhibit D is a screenshot of a website at <www.99designs.com> indicating on page 5 Defendant's instructions to go to <www.creditnerds.com>, Plaintiff's website, and design cartoon characters like the ones on Plaintiff's website. Further, attached as Exhibit C are screenshots of Defendant's CRN Website, which show use of CREDIT REPAIR NERDS across the top half of the screen, use of a blue background and white font similar to Plaintiff's color scheme, and cartoon characters that are highly similar to those found on Plaintiff's website. Even third parties have noted that Defendant's website looks and feels similar to Plaintiff's website. *See* Exhibit B.

16. On information and belief, Defendant has also registered at least the following domain names that incorporate the CreditNerds mark: <www.yourcreditrepairnerds.com>, <mycreditrepairnerds.com>, among others.

17. Moreover, in contrast with Plaintiff, Defendant's business practices are suspect and have received negative reviews. Attached as Exhibit E is a screenshot of a website showing a scam alert for Defendant's business.

18. Further, on information and belief, Defendant charges upfront fees in violation of federal law. The Credit Repair Organizations Act prohibits credit repair organizations from charging or receiving any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform before such service is fully performed. 15 U.S.C. § 1679b(b).

19. Defendant also encourages others to infringe Plaintiff's CreditNerds mark by offering franchise, or licensing, opportunities allowing third parties to pay to become a "licensee" and to make money when that third party signs up a credit repair customer under the Credit Repair Nerds mark.

20. On March 15, 2015, Defendant filed a trademark application with the U.S. Patent and Trademark Office ("USPTO") for CRN CREDIT REPAIR NERDS A CREDIT INNOVATIONS COMPANY & Design for "monitoring consumer credit reports and providing an alert as to any changes therein for business purposes" in Class 35, based on intent to use.

21. A Notice of Allowance issued from the USPTO on October 13, 2015. Defendant filed a Statement of Use on October 15, 2015, with a screenshot of the website then at <www.creditrepairnerds.com> and stating that the first use anywhere and first use in commerce of the mark in the application was October 15, 2015. In filing the Statement of Use, Scott Been as Owner/CEO made the following statements:

> The signatory believes that: if the applicant is filing the amendment to allege use under 15 U.S.C. §1051(c) or a statement of use under 15 U.S.C. §1051(d), the applicant is the owner of the mark sought to be registered; the mark is in use in commerce; for a trademark or service mark application, the applicant is using the mark in commerce on or in connection with all the goods/services in the application or notice of allowance, or as subsequently modified . . . that **to the best of the signatory's knowledge and belief, no other persons, except, if applicable, authorized users, members, and/or concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the**

5

> **goods/services/collective membership organization of such other persons, to cause confusion or mistake, or to deceive**; and the specimen(s) shows the mark as used on or in connection with the goods/services/collective membership organization in commerce.

And Mr. Been signed the following declaration:

> The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. §1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

22. On information and belief, Mr. Been knew at the time of signing the Statement of Use that Plaintiff had the right to use the highly similar mark CreditNerds and that Defendant's use of the mark in the subject application was likely to cause confusion, mistake and deception.

23. In reliance on Mr. Been's false statements in his Statement of Use, the USPTO issued Trademark Registration No. 4,864,642 for CRN CREDIT REPAIR NERDS A CREDIT INNOVATIONS COMPANY & Design ("the '642 Registration"). The '642 Registration is attached as Exhibit F.

24. As discussed in paragraphs 14 and 15 above, Defendant redesigned its website since filing the Statement of Use to mimic Plaintiff's website even further. The current website no longer uses the mark registered in the '642 Registration and instead simply uses CREDIT REPAIR NERDS in large bold letters across the center of the initial page. *See* Exhibit C.

**Confusion in the Marketplace**

25. As a result of the unfair business practices by Defendant, Plaintiff has received numerous communications from customers who believe the companies are related. Plaintiff has also received a negative review on Best Company, *see* Exhibit B, that discusses an employee, Scott, who does not work for Plaintiff and, on information and belief, is connected to Defendant,

6

based on the signatory of Defendant's USPTO documents (Scott Been). This actual confusion caused by Defendant's trademark infringement is causing substantial, costly, and irreparable harm to Plaintiff's goodwill and reputation in the marketplace.

26. On October 7, 2016, Plaintiff emailed and mailed via U.S. Postal Service certified mail a letter to Defendant objecting to its use and registration of the Credit Repair Nerds mark. Attached as Exhibit G is the email and letter. Defendant did not respond.

27. Defendant must be enjoined from further use of the Credit Repair Nerds trademark and the CRN Website in order to prevent substantial and irreparable damage to Plaintiff's valuable rights and be required to compensate Plaintiff for its unlawful infringement.

## CAUSES OF ACTION

### COUNT I
### Unfair Competition and False Designation of Origin
### Section 43(a) of the Lanham Act,
### 15 U.S.C. § 1125(a)

28. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 27 above.

29. Plaintiff began offering the services described herein in 2008 under the CreditNerds mark. Plaintiff has priority over Defendant's use of the Credit Repair Nerds mark in the credit repair services industry.

30. Plaintiff has not authorized Defendant to use the Credit Repair Nerds mark, or any variation thereof.

31. The CreditNerds mark is inherently distinctive because the mark is suggestive.

32. The CreditNerds mark has also acquired secondary meaning.

33. Defendant's acts alleged herein are likely to cause confusion between Plaintiff's rightful use of the CreditNerds mark and Defendant's infringing use of the Credit Repair Nerds mark. Indeed, such actual confusion has already occurred.

34. As described above, Plaintiff owns the rights to the distinctive and widely recognized CreditNerds mark, and Plaintiff used the CreditNerds mark for services in the credit repair industry prior to Defendant. By branding and marketing its services under the "Credit Repair Nerds" name, Defendant is violating Plaintiff's rights in the mark by using a mark that is likely to cause confusion, to cause mistake, and to deceive as to affiliation, connection, or association of Defendant with Plaintiff, and is thereby engaging in unfair competition.

35. Defendant's conduct has been willful, intentional, and deliberate, as evidenced by the fact that Defendant deliberately modeled its website after Plaintiff's website and knew about Plaintiff's active use of the CreditNerds mark, yet adopted the Credit Repair Nerds mark and made false representations to the USPTO regarding its rights in the mark. Further, Defendant has continued to use the Credit Repair Nerds mark despite Plaintiff's objection to its use.

36. Plaintiff has been damaged by Defendant's wrongful conduct.

37. Plaintiff has no adequate remedy at law for Defendant's wrongful conduct. Plaintiff has been and, absent permanent injunctive relief, will continue to be irreparably harmed by Defendant's actions.

## COUNT II
**Claim for Injunctive Relief under the Anticybersquatting Consumer Protection Act
Section 43(d) of the Lanham Act
15 U.S.C. § 1125(d)**

38. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 37 above.

39. Plaintiff is the exclusive owner of the CreditNerds mark and continues to actively use the mark in commerce in connection with credit repair services.

40. Upon information and belief, Defendant has acted with the bad faith intent to profit from the unauthorized use of the CreditNerds mark and the goodwill associated therewith by registering at least three domain names, <creditrepairnerds.com>, <yourcreditrepairnerds.com>, and <mycreditrepairnerds.com>, that are confusingly similar to the CreditNerds mark.

41. Defendant has no intellectual property rights in or to the CreditNerds mark.

42. Plaintiff's use of the CreditNerds mark since 2008 gives it priority over Defendant's registration of the <creditrepairnerds.com>, <yourcreditrepairnerds.com>, and <mycreditrepairnerds.com> domain names.

43. Defendant intends to divert consumers from Plaintiff's online location to a site accessible under the <creditrepairnerds.com>, <yourcreditrepairnerds.com>, and <mycreditrepairnerds.com> domain names that will harm the goodwill represented by Plaintiff's mark for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendant's site.

44. Defendant's actions constitute cyberpiracy in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

45. Plaintiff has no adequate remedy at law, and the registration and use of the Defendant's <creditrepairnerds.com>, <yourcreditrepairnerds.com>, and <mycreditrepairnerds.com> domain names has caused, is causing, and is likely to continue to cause substantial and irreparable injury to the public and to Plaintiff.

## COUNT III
## Cancellation of U.S. Registration No. 4,864,642
## Sections 14 and 38 of the Lanham Act
## 15 U.S.C. §§ 1064 and 1119

46. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 45.

47. On information and belief, Defendant is the record owner of the '642 Registration for CRN CREDIT REPAIR NERDS A CREDIT INNOVATIONS COMPANY & Design.

48. Plaintiff is being damaged by the '642 Registration because the mark embodied in the registration is likely to confuse and/or deceive the public as to the source and origin of Defendant's services and to the existence of an affiliation, connection, or association between Defendant and Plaintiff. The '642 Registration comprises a design in which the words CREDIT REPAIR NERDS are used prominently, in larger font than the other words, and these words are nearly identical to Plaintiff's CreditNerds mark. The remaining terms in the registration are descriptive indications of the Defendant's business, which carry less weight when evaluating the overall commercial impression of the mark.

49. Further, Plaintiff has priority of use. Plaintiff has been using the CreditNerds mark in connection with credit repair services since 2008, several years before the '642 Registration's claimed first use date of October 15, 2015, and well before Defendant's application was filed on March 16, 2015. By reason of Plaintiff's continued and exclusive use of its CreditNerds mark from a date long prior to Defendant's filing of its CREDIT REPAIR NERDS application and purported first use of the CREDIT REPAIR NERDS mark, Plaintiff has rights in its CreditNerds mark superior to Defendant's rights.

50. The '642 Registration should be cancelled pursuant to 15 U.S.C. §§ 1064 and 1119 because Plaintiff is being damaged by the registration of this mark on the Principal Register and this court has the power to order the cancelation of this registration.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CreditNerds, LLC, prays for judgment and an Order from this Court as follows:

A. That Defendant Credit Repair Nerds LLC's use of the Credit Repair Nerds mark willfully and intentionally infringes upon Plaintiff's rights in and to the CreditNerds mark;

B. That Defendant Credit Repair Nerds LLC's use of the Credit Repair Nerds mark is likely to cause confusion, mistake and deception as to the affiliation, connection and association of Defendant with Plaintiff, and as to the origin, sponsorship and approval of Defendant's services and commercial activities;

C. That Defendant Credit Repair Nerds LLC's use of the CRN Website is confusingly similar to Plaintiff's CreditNerds mark;

D. That Defendant Credit Repair Nerds LLC's trademark registration for the Credit Repair Nerds mark is invalid due to Plaintiff's prior use of the CreditNerds mark.

E. That the Court enter a permanent injunction prohibiting Defendant and its officers, agents, servants, employees, and those persons in active concert, privity, or participation with it, or any of its successors or assigns, from:

    (i) using the Credit Repair Nerds mark in connection with any product, service, website, or any other business in any manner likely to cause confusion, cause mistake, or to deceive;

(ii) using the Credit Repair Nerds mark in any manner which may cause the trade or the public to mistakenly believe that Defendant or its businesses, services, or products are related to, affiliated with, associated or connected with, or sponsored or approved by CreditNerds, LLC, and/or the CreditNerds mark;

(iii) engaging in any other act which may, or is intended, designed, or calculated to injure Plaintiff's business reputation;

(iv) further infringing the CreditNerds trademark and damaging CreditNerds' goodwill;

(v) otherwise competing unfairly with CreditNerds in any manner;

(iv) using, linking to, transferring, selling, exercising control over, or otherwise owning the <www.creditrepairnerds.com>, <www.yourcreditrepairnerds.com> and <www.mycreditrepairnerds.com> websites or any other domain name or online marketplace account that is being used to infringe the CreditNerds mark; and

(v) operating and/or hosting websites at the <www.creditrepairnerds.com>, <www.yourcreditrepairnerds.com> and <www.mycreditrepairnerds.com> domain names and any other domain names registered or operated by Defendant that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product or service that is not a genuine CreditNerds product or service or not authorized by CreditNerds, LLC to be sold or provided in connection with the CreditNerds mark;

F. Enter Final Judgment cancelling Credit Repair Nerd's '642 Registration and directing the Director of the United States Patent and Trademark Office to remove such registration from the Principal Register;

G. That Defendant be directed to file with this Court, and serve upon Plaintiff within 30 days after entry of this Court's injunction order, a written report by Defendant under oath setting forth in detail the manner in which it has complied with such order;

H. For an order that the domain name registry for the <www.creditrepairnerds.com> domain name, namely Tucows Domains Inc., within 5 business days of receipt of this Order, shall unlock and change the registrar of record for the <www.creditrepairnerds.com> domain name to a registrar of Plaintiff's selection until further ordered by this Court, and that the domain name registrar take any steps necessary to transfer the <www.creditrepairnerds.com> domain name to a registrar of Plaintiff's selection until further ordered by this Court;

I. For an order that the domain name registry for the <www.yourcreditrepairnerds.com> and <www.mycreditrepairnerds.com> domain names, namely GoDaddy.com, LLC, within 5 business days of receipt of this Order, shall unlock and change the registrar of record for the <www.yourcreditrepairnerds.com> and <www.mycreditrepairnerds.com> domain names to a registrar of Plaintiff's selection until further ordered by this Court, and that the domain name registrar take any steps necessary to transfer the <www.yourcreditrepairnerds.com> and <www.mycreditrepairnerds.com> domain names to a registrar of Plaintiff's selection until further ordered by this Court;

J. For an order that, upon Plaintiff's request, those in privity with Credit Repair Nerds LLC and those with notice of the injunction, including any Internet search engines, Web hosts,

13

social media websites, domain-name registrars and domain name registries that are provided with notice of the injunction, cease facilitating access to any and all websites and accounts through which Defendants engage in the offering of services bearing the Credit Repair Nerds trademark;

K. For an order requiring Defendant to disseminate corrective advertisements in a form approved by the Court;

L. For an order awarding Plaintiff all profits, gains, and other advantages realized by Defendant on account of its infringement of the CreditNerds mark and that the amount of damages for infringement be increased by a sum not exceeding three times the amount thereof as provided by law, pursuant to 15 U.S.C. § 1117(a);

M. In the alternative, for an order awarding Plaintiff statutory damages of $100,000 per domain name pursuant to 15 U.S.C. § 1117(d);

N. For an order awarding Plaintiff the taxable costs of this civil action including its attorneys' fees;

O. That Plaintiff be granted such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 1, 2016

Respectfully submitted,

/s/ Alexis Crawford Douglas
Robert M. Barrett
Robert J. Barz
Alexis Crawford Douglas
K&L GATES LLP
70 W. Madison St.
Suite 3100

                                                Chicago, Illinois 60602
                                                312.807.4204
                                                312.827.1270
                                                robert.barrett@klgates.com
                                                robert.barz@klgates.com
                                                alexis.douglas@klgates.com

Case: 1:16-cv-11003 Document #: 1 Filed: 12/01/16 Page 15 of 15 PageID #:15